IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMY G. and GARY G., individually and as representative of the class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CERTIFY CLASS**<br><br>Case No. 2:17-cv-00413-DN-EJF<br><br>District Judge David Nuffer |

This case involves claims for benefits and equitable relief under the Employee Retirement Income Security Act ("ERISA") arising from Defendants' denial of insurance coverage for "wilderness therapy."[1] Plaintiffs seek class certification arguing that Defendants improperly exclude coverage for wilderness therapy based on a uniform policy that wilderness therapy is experimental, investigational, or unproven.[2]

Because Plaintiffs fail to satisfy the necessary requirements for obtaining class certification, their Motion to Certify Class[3] is DENIED without prejudice.

---

[1] Complaint and Proposed Class Action ("Complaint") at 11-13, docket no. 2, filed May 17, 2017.

[2] *Id*. ¶ 1 at 2, ¶¶ 16-55 at 4-11; Plaintiffs' Motion to Certify Class ("Motion to Certify Class") at 3-4, docket no. 59, filed Nov. 8, 2018.

[3] *Id*.

**Contents**
DISCUSSION ........................................................................................................................ 2
    Plaintiffs' proposed class lacks commonality ................................................................ 4
        The alleged uniform policy of exclusion for wilderness therapy coverage was not uniformly applied ............................................................................................ 5
        The proposed class members' medical conditions, the wilderness therapy they participated in, and the terms of their benefits plans are too varied to satisfy commonality ............................................................................................ 7
    Plaintiffs' proposed class fails to satisfy any of Rule 23(b)'s requirements ..................... 10
        Requiring separate actions will not create a risk of inconsistent adjudications, or adjudications that are dispositive for those not party to an individual adjudication ................................................................................................... 10
        Plaintiffs seek individualized relief on their claims and fail to specify or describe the contents of a declaration or injunction that is capable of affording classwide relief ............................................................................................... 12
        Individualized questions of law and fact predominate and the class action is not a superior method for fairly and efficiently adjudicating the controversy .. 14
CONCLUSION ................................................................................................................... 17
ORDER ............................................................................................................................... 17

## DISCUSSION

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."[4] "In order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.[5] FED. R. CIV. P. 23 "sets forth the prerequisites to class certification."[6] Rule 23(a) requires the party seeking certification to demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there is a question of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy).[7]

---

[4] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (internal quotations omitted).

[5] *Id*. at 348-49 (internal quotations omitted).

[6] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013).

[7] *Id*. (citing FED. R. CIV. P. 23(a)).

"[These] four requirements . . . effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."[8] In other words, the Rule 23(a) requirements "ensure[] that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate."[9]

But even if the requirements of Rule 23(a) are established, a class action may not be maintained unless the party seeking certification also satisfies at least one of the requirements of Rule 23(b):

> (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members . . . or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications[;]
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [(predominance)], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [(superiority)].[10]

The requirements of Rule 23 are not "a mere pleading standard."[11] "A party seeking class certification must affirmatively demonstrate [its] compliance with the Rule—that is, [the party] must be prepared to prove that there are *in fact* sufficiently numerous parties, common question of law or fact, etc."[12] "[C]ourt[s] ha[ve] an independent obligation to conduct a 'rigorous

---

[8] *Dukes*, 564 U.S. at 349 (internal quotations omitted).

[9] *Id*.

[10] FED. R. CIV. P. 23(b); *XTO Energy, Inc.*, 725 F.3d at 1217.

[11] *Dukes*, 564 U.S. at 350.

[12] *Id*. (emphasis in original).

analysis' before concluding that Rule 23's requirements have been satisfied."[13] "Relaxing [or] shifting [Rule 23's] strict burden of proof results in an abuse of discretion."[14]

Plaintiffs seek certification of the following class in this case:

> Any member of a health benefit plan governed by [ERISA] in the time frame from May 17, 2013, to the present whose health benefit plan was administered by [Defendants], who paid for a wilderness therapy program, and for whom [Defendants] refused to authorize or pay the wilderness therapy program claim based on [an] exclusion that [the] wilderness therapy was experimental, investigational, or unproven.[15]

Plaintiffs' proposed class fails to satisfy the commonality requirement of Rule 23(a) and each of Rule 23(b)'s requirements.

### Plaintiffs' proposed class lacks commonality

Rule 23(a)'s commonality requirement requires "a plaintiff to show that 'there are questions of law or fact common to the class.'"[16] "Th[is] language is easy to misread, since 'any competently crafted class complaint literally raises common questions.'"[17] "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."[18] "This does not mean merely that they have all suffered a violation of the same provision of law."[19] "[C]laims must depend upon a common contention . . . which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[20] In other words,

---

[13] *XTO Energy, Inc.,* 725 F.3d at 1217 (citing *Dukes,* 564 U.S. at 351).

[14] *Id*. at 1218 (internal quotations and citations omitted).

[15] Plaintiffs' Motion to Certify Class at 5.

[16] *Dukes,* 564 U.S. at 349 (quoting Fed. R. Civ. P. 23(a)(2)).

[17] *Id*. (quoting Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 131-132 (2009)).

[18] *Id*. at 349-350 (internal quotations omitted).

[19] *Id*. at 350.

[20] *Id*.

4

> What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.[21]

Proof of commonality [also] necessarily overlaps with [a plaintiff's] merits contention that [the defendant] engages in a *pattern or practice* of [improper conduct]."[22] This is because "the crux of the inquiry is the reason for a particular . . . decision."[23] "Without some glue holding the alleged *reasons* for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question."[24]

The crucial question Plaintiffs assert for their proposed class is: *why were we denied coverage for wilderness therapy?* Plaintiffs' answer to this question is that Defendants improperly excluded coverage for wilderness therapy based on a uniform policy that wilderness therapy is experimental, investigational, or unproven.[25] There are several reasons why Plaintiffs do not satisfy Rule 23(a)'s commonality requirement.

**The alleged uniform policy of exclusion for wilderness therapy coverage was not uniformly applied**

Plaintiffs allege that Defendants have a uniform policy of excluding coverage for wilderness therapy based on it being experimental, investigational, or unproven.[26] However, Plaintiffs acknowledge that Defendants do not apply the alleged uniform policy to all claims for

---

[21] *Id*. (quoting Nagareda, 84 N.Y.U. L. Rev. at 132). (emphasis in original)

[22] *Id*. at 352 (emphasis in original).

[23] *Id*. (internal quotations omitted).

[24] *Id*. (emphasis in original).

[25] Complaint ¶ 1 at 2, ¶¶ 16-55 at 4-11; Motion to Certify Class at 3-4, 12-13.

[26] Complaint ¶ 1 at 2, ¶¶ 16-55 at 4-11; Motion to Certify Class at 3-4, 12-13.

coverage of wilderness therapy. During class discovery, the parties reviewed the claim files for 71 individuals that sought coverage for some type of wilderness therapy.[27] The claims of one of these individuals were paid in full, and the claims of 21 others were denied because Defendants determined the treatment was not medically necessary or that the particular level of care was not warranted.[28] Plaintiffs assert that this means the remaining 49 individuals *likely* had their claims denied on the basis that wilderness therapy is experimental, investigational, or unproven.[29]

Therefore, in nearly one-third of the claim files the parties reviewed, the alleged uniform policy of exclusion was not applied to the individuals' claims for wilderness therapy coverage. Plaintiffs attempt to disregard these individuals by asserting that they are not members of the proposed class.[30] But the existence of these individuals, particularly the one whose claims were paid in full, undercuts the premise that Defendants have a uniform policy of exclusion based on wilderness therapy being experimental, investigational, or unproven. Indeed, Defendants have presented evidence that they paid a portion of the wilderness therapy claims made by the named representative Plaintiffs, Amy G. and Gary G.[31]

Plaintiffs also acknowledge that Defendants' review of wilderness therapy claims varies.[32] Defendants initially requested additional information from some, but not all, proposed class members.[33] Whether the proposed class members provided additional information, what

---

[27] Motion to Certify Class ¶¶ 23-26 at 9-10.

[28] *Id*. ¶¶ 27-28 at 10.

[29] *Id*. ¶ 30 at 10.

[30] *Id.* ¶ 29 at 10.

[31] United Healthcare Insurance Company and United Behavioral Health's Opposition to Plaintiff's Motion for Class Certification ("Response"), at 9, docket no. 70, filed under seal Dec. 18, 2018; Exhibit P at 6-8, docket no. 70-15, filed under seal Dec. 18, 2018.

[32] Motion to Certify Class ¶ 15 at 8.

[33] *Id*.

that information was, and the extent of subsequent communications between the proposed class members and Defendants regarding that information will undoubtedly vary. Plaintiffs concede that, in some instances, Defendants denied coverage as being experimental, investigational, or unproven because Defendants lacked sufficient information.[34] This differential review of claims suggests that Defendants made individual determinations on the proposed class members' claims for wilderness therapy coverage, further cutting against the existence of the alleged uniform policy of exclusion.

Because the alleged uniform policy of exclusion was not applied uniformly, Plaintiffs' reliance on the alleged policy to satisfy Rule 23(a)'s commonality requirement is misplaced. The circumstances demonstrate that the alleged uniform policy of exclusion cannot be the "glue" that allows examination of all the class members' claims for relief. The alleged uniform policy of exclusion does not produce a common answer to the crucial question of why the proposed class members' claims for wilderness therapy coverage were denied.

**The proposed class members' medical conditions, the wilderness therapy they participated in, and the terms of their benefits plans are too varied to satisfy commonality**

Generally, "[f]actual differences between class members' claims [will] not defeat certification where common questions of law exist."[35] However, it is not enough for Plaintiffs to merely assert that all class member have suffered a violation of the same provision of ERISA.[36] Plaintiffs' claims "must depend on a common contention . . . that is capable of classwide resolution."[37] And even assuming that Defendants have a uniform policy of excluding coverage

---

[34] *Id*. ¶ 31 at 10.

[35] *DG ex rel. Sticklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010).

[36] *Dukes*, 564 U.S. at 350.

[37] *Id*.

for wilderness therapy, commonality is not established. This is because "[m]ere allegations of systemic violations . . . [do] not automatically satisfy Rule 23(a)'s commonality requirement."[38]

The alleged uniform policy of exclusion may have led to the improper denial of wilderness therapy coverage for some of the proposed class members' claims for wilderness therapy coverage, but not for others.[39] Differences in the proposed class members' medical conditions, the type of wilderness therapy and programs for which coverage was sought, and the terms of the proposed class members' benefits plans result in the lack of commonality of claims.

Plaintiffs broadly assert that wilderness therapy has shown efficacy as a treatment for a variety of behavioral and mental health issues.[40] But Plaintiffs make no effort to define the proposed class based on medical conditions for which wilderness therapy has allegedly shown efficacy. For certain medical conditions, a particular treatment may not be experimental, investigational, or unproven.[41] For other medical conditions that same treatment can be experimental, investigational, or unproven.[42] No one answer to a common question of law or fact will exist where the proposed class members' medical conditions, and the accepted treatments for those conditions, vary so widely.

Plaintiffs also make no effort to define the proposed class based on the type of wilderness therapy and programs for which coverage was sought. The term "wilderness therapy," as used by the parties, can include any number of behavioral treatments or activities provided in a wilderness setting.[43] Plaintiffs assert that the efficacy of wilderness therapy is created by the

---

[38] *Devaughn*, 594 F.3d at 1195.

[39] *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011).

[40] *Id.* ¶¶ 3-6 at 6.

[41] *Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1259 (3d Cir. 1993).

[42] *Id.*

[43] Motion to Certify Class ¶¶ 1-6 at 5-6; Response at 4-5.

combination of nature, the wilderness experience, and substantiated therapies produced by professionals.[44] But in the 71 claim files the parties reviewed during class discovery, services were sought from 25 different wilderness therapy providers located in nine states.[45] These providers offer programming that ranges from camping and survival skills, to holistic therapies and art therapy.[46] And there is evidence that while some providers offer clinical intervention in the form of traditional therapy, other providers do not offer any clinical treatment.[47] No one answer to a common question of law or fact will exist under these circumstances.

Additionally, ERISA's "statutory scheme . . . is built around reliance on the face of written plan documents."[48] And "ERISA's principal function [is] to protect contractually defined benefits."[49] A plan administrator "must act 'in accordance with the documents and instruments governing the plan' insofar as they accord with the statute."[50] Therefore, determination of Defendants' liability on the proposed class members' claims for relief necessarily turns on the language of the proposed class members' benefits plans. But Plaintiffs do not attempt to show that all the proposed class members' benefits plans contain the same language regarding the experimental, investigational, or unproven exclusion to coverage. Nor do Plaintiffs provide a basis for the plans to be interpreted in a way that gives the same meaning to terms where their language differs. In the absence of an affirmative showing that all the proposed class members' benefits plans should be construed and applied to all proposed class members' claims for

---

[44] Motion to Certify Class ¶ 3 at 6.

[45] Response at 11.

[46] *Id*.

[47] *Id*. at 5; Exhibit E at 108:17-21, docket no. 70-7, filed under seal Dec. 18, 2018; Exhibit B at 41:9-42:18, docket no. 70-4, filed under seal Dec. 18, 2018.

[48] *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-101 (2013) (internal quotations omitted).

[49] *Id*. at 100 (internal quotations omitted).

[50] *Id*. at 101 (quoting 29 U.S.C. § 1104(a)(1)(D)).

wilderness therapy coverage in a like manner, there is no one answer to a common question of law or fact.[51]

The proposed class members have different medical conditions and participated in different wilderness therapy programs that offered different treatments, activities, and therapies. And Plaintiffs have not demonstrated that Defendants should have construed and applied all the proposed class members' benefits plans in the same manner. Plaintiffs fail to establish that Defendants' alleged conduct caused a common injury to the proposed class members under their respective policies.[52] Regardless of the existence of a uniform policy of exclusion, the circumstances underlying the proposed class members' claims for relief are too varied for there to be a common question of law or fact that is capable of classwide resolution.

Therefore, Plaintiffs fail to satisfy Rule 23(a)'s commonality requirement.[53]

### Plaintiffs' proposed class fails to satisfy any of Rule 23(b)'s requirements

### Requiring separate actions will not create a risk of inconsistent adjudications, or adjudications that are dispositive for those not party to an individual adjudication

Rule 23(b)(1) permits a class action to be maintained if prosecuting separate actions by individual class members would create a risk of: "(A) inconsistent or varying adjudications with respect to individual class members . . . or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not

---

[51] *XTO Energy, Inc.*, 725 F.3d at 1218.

[52] *Soseeah v. Sentry Ins.*, 808 F.3d 800, 811 (10th Cir. 2015).

[53] "[B]ecause the commonality, typicality, and adequacy requirements of Rule 23(a) 'tend to merge,'" *XTO Energy, Inc.*, 725 F.3d at 1219 (quoting *Dukes*, 564 U.S. at 349 n.5), the issues that defeat commonality in Plaintiffs' proposed class also cause serious concern that the proposed class fails to satisfy the typicality and adequacy requirements. However, it is unnecessary to analyze these requirements at this time.

parties to the individual adjudications[.]"[54] Plaintiffs' proposed class does not fall within either category of cases.

Plaintiffs argue that multiple lawsuits regarding Defendants' policy of denying coverage for wilderness therapy based on an experimental, investigational, or unproven exclusion could lead to inconsistent results.[55] However, Plaintiffs have failed to demonstrate the existence of a uniform policy of exclusion.[56] And regardless, Plaintiffs misconstrue individualized determinations as inconsistent results.

Proposed class members with different medical conditions that participated in different wilderness therapy programs, and whose benefits plans contain different language for exclusions, will undoubtedly have varying success on their claims for relief. Defendants' denial of coverage for some proposed class members' wilderness therapy may have been improper, but appropriate for other proposed class members. The nature of the proposed class members' claims for relief lead to individualized determinations based on the specific circumstances of each class member, including their communications with Defendants and the language of their benefits plans. The existence of the alleged uniform policy of exclusion does not change this; nor do ERISA's standards for fiduciaries. Indeed, ERISA's standards for fiduciaries provide that, "where appropriate . . . plan provisions [be] applied consistently with respect to similarly situated claimants."[57] Plaintiffs' proposed class is not comprised of sufficiently similarly situated claimants to create a risk that separate actions will result in inconsistent or varying adjudications for purposes of satisfying Rule 23(b)(1)(A).

---

[54] FED. R. CIV. P. 23(b)(1).

[55] Motion to Certify Class at 14-16.

[56] *Supra* at 5-7.

[57] 29 C.F.R. § 2560.503-1(b)(5).

Regarding Rule 23(b)(1)(B), Plaintiffs acknowledge that adjudication of one proposed class member's case will not be binding on others not party to that case.[58] Plaintiffs nevertheless argue that because an individual case would be persuasive authority that produces expert testimony, separate actions would substantially impair nonparties' ability to protect their interests in later cases.[59] But this is no different from any other situation involving the existence of persuasive authority on later filed cases and claims. As a practical matter, requiring proposed class members to bring separate actions will not create a risk of dispositive adjudications on members that are not party to the individual adjudications.

Therefore, Plaintiffs' proposed class fails to satisfy Rule 23(b)(1).

**Plaintiffs seek individualized relief on their claims and fail to specify or describe the contents of a declaration or injunction that is capable of affording classwide relief**

Rule 23(b)(2) permits a class action to be maintained when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]"[60] Plaintiffs argue the proposed class falls within this category of cases because each class member was denied coverage for wilderness therapy based on Defendants' uniform policy of exclusion.[61]

---

[58] *Id*. at 15.

[59] *Id*.

[60] FED. R. CIV. P. 23(b)(2).

[61] Motion to Certify Class as 16. Plaintiffs also assert that appropriate injunctive relief is available because they allege claims under the Mental Health Parity and Addiction Equity Act ("Parity Act"). Reply Memorandum in Support of Plaintiffs' Motion to Certify Class ("Reply") at 8, docket no. 78, filed Feb. 15, 2019. This argument has no merit. Plaintiffs' Complaint includes general references to the Parity Act. Complaint ¶ 32 at 7, ¶ 37 at 8, ¶ 3 at 11-12, ¶ 1 at 12. But it does not include a separate cause of action under the Parity Act; nor does it include any factual allegations to support a claim under the Parity Act. *A.Z. v. Regence Blueshield*, No. C17-1292-TSZ, 333 F. Supp. 3d 1069, 1079 (W.D. Wash. 2018); *Anne M. v. United Behavioral Health*, No. 18-80773-CIV-MIDDLEBROOKS, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018); *Peter E. v. United Healthcare Services, Inc.*, No. 2:17-cv-00435-DN, 2019 WL 3253787, *3 (D. Utah. July 19, 2019).

However, "claims for *individualized* relief . . . do not satisfy the Rule."[62] "It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant."[63] And "it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."[64] "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."[65] The defendant's "conduct [must be] such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'"[66]

As discussed, the existence of the alleged uniform policy of exclusion will not lead to an all or nothing resolution of the proposed class members' claims for relief.[67] ERISA does not preclude application of uniform policies.[68] And the proposed class members' circumstances are too varied for there to be a common question that is capable of classwide resolution.[69]

Beyond this, however, Plaintiffs seeks individualized relief on their claims. First, in the form of monetary damages arising from their out-of-pocket payments for wilderness therapy, and equitable surcharge and restitution.[70] And second, in the form of equitable reformation of benefits plans and estoppel, declaration, and injunction requiring Defendants to re-evaluate

---

[62] *Dukes*, 564 U.S. at 360 (emphasis in original).

[63] *Id*. (emphasis in original).

[64] *Id*. at 360-361.

[65] *Id*. at 360.

[66] *Id*. (quoting Nagareda, 84 N.Y.U. L. Rev. at 132).

[67] *Supra* at 5-10.

[68] *Id*. at 11.

[69] *Id*. at 7-10.

[70] Complaint ¶ 4 at 12, ¶¶ 2-3 at 13-14.

individual class member's claims for wilderness therapy coverage.[71] Such declaratory and injunctive relief would not be a final remedy.[72] Rather, it "would, at best, 'only lay an evidentiary foundation for subsequent determinations of . . . liability and damages.'"[73] "[T]he class-action device is not appropriate for resolving such highly individualized questions of fact," and this type of declaratory and injunctive relief does not satisfy Rule 23(b)(2).[74]

In an attempt to broaden the declaratory and injunctive relief prayed for in the Complaint, Plaintiffs argue that a classwide "injunction is quite easy to envision and it would correct the improper application of [Defendants'] uniform determination."[75] But Plaintiffs make no effort to specify or describe the contents of such an injunction, or how it would account for the myriad of variations in the proposed class members' circumstances. This is insufficient to satisfy the rigorous analysis required for class certification.[76]

Therefore, Plaintiffs' proposed class fails to satisfy Rule 23(b)(2).

**Individualized questions of law and fact predominate and the class action is not a superior method for fairly and efficiently adjudicating the controversy**

Rule 23(b)(3) permits a class action to be maintained when "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[77] "In other words, class status is appropriate as long as plaintiffs can establish

---

[71] *Id*. ¶¶ 3-4 at 13, ¶ 4 at 14.

[72] *Soseeah*, 808 F.3d at 811 n.5.

[73] *Id*. (quoting *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 886 (7th Cir. 2011)).

[74] *Id*. (quoting *Kartman*, 634 F.3d at 891; citing *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012)).

[75] Reply at 8.

[76] *XTO Energy, Inc.,* 725 F.3d at 1217.

[77] FED. R. CIV. P. 23(b)(3).

14

an aggregation of legal and factual issues, the uniform treatment of which is superior to ordinary one-on-one litigation."[78] Plaintiffs have not met this burden.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[79] Though similar to Rule 23(a)'s commonality requirement, "Rule 23(b)(3)'s predominance criterion is even more demanding."[80] "[T]he predominance prong 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'"[81] Courts "must *characterize* the issues in the case as common or not, and then *weigh* which issues predominate."[82]

As discussed, Plaintiffs' proposed class does not satisfy Rule 23(a)'s commonality requirement because the circumstances underlying the proposed class members' claims for relief are too varied for there to be a common question of law or fact that is capable of classwide resolution.[83] For the same reasons, Plaintiffs' proposed class fails to satisfy Rule 23(b)(3)'s predominance requirement. The individual issues involving the proposed class members' medical conditions, the type of wilderness therapy and programs for which coverage was sought, and the terms of the proposed class members' benefits plans predominate over any potential common issues in the case. The alleged uniform policy of excluding wilderness therapy coverage is not enough.

---

[78] *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014).

[79] *Id*. at 1087 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 622-623 (1997)).

[80] *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

[81] *Broad & Cassel*, 773 F.3d at 1087 (quoting 2 William B. Rubenstein et al., *Newberg on Class Actions* § 4:49, at 195-196 (5th ed. 2012)).

[82] *Id*. (emphasis in original).

[83] *Supra* at 4-10.

Additionally, Plaintiffs seek individualized relief.[84] "Although individualized monetary claims belong in Rule 23(b)(3), predominance may be destroyed if individualized issues will overwhelm those questions common to the class."[85] There are a multitude of individual issues involving the circumstances underlying the proposed class members' claims for relief which predominate. The individualized relief Plaintiffs seek further cements that Plaintiffs' proposed class does not satisfy Rule 23(b)(3)'s predominance requirement.

These individualized issues also demonstrate that Plaintiffs' proposed class fails to satisfy Rule 23(b)(3)'s superiority requirement. Factors that are pertinent to the superiority analysis include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.[86]

The highly individualized determinations that would be required if Plaintiffs' proposed class were certified would be inefficient and unmanageable. Individualized determinations on the scale of what Plaintiffs estimate for the size of the proposed class (over 368 individuals)[87] would also unfairly delay resolution of individual class member's claims, as compared to the resolution of separate actions. Proceeding as a class action is not superior to other available methods for fairly and efficiently adjudicating the parties' controversy.

---

[84] *Supra* at 13-14.

[85] *XTO Energy, Inc.*, 725 F.3d at 1220 (internal quotations and citations omitted).

[86] Fed. R. Civ. P. 23(b)(3)

[87] Motion to Certify Class at 12.

Additionally, the entirety of Plaintiffs' discussion of superiority consists of two paragraphs of generalized argument.[88] Plaintiffs do not provide meaningful analysis of the relevant factors or how they apply to the named Plaintiffs and proposed class members. Rather, Plaintiffs improperly attempt to shift the burden on Defendants to show that a class action is not superior.[89] This is insufficient to satisfy the rigorous analysis required for class certification.[90]

Therefore, Plaintiffs' proposed class fails to satisfy Rule 23(b)(3).

## CONCLUSION

Because Plaintiffs' proposed class fails to satisfy the commonality requirement of Rule 23(a) and each of Rule 23(b)'s requirements, Plaintiffs' Motion to Certify Class[91] is DENIED without prejudice.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Certify Class[92] is DENIED without prejudice.

IT IS FURTHER HEREBY ORDERED that by no later than June 26, 2020, the parties shall meet, confer, and joint file a proposed amended scheduling order to govern this case.

Signed June 9, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[88] *Id*. at 18; Reply at 9-10.

[89] Reply at 9-10.

[90] *XTO Energy, Inc.,* 725 F.3d at 1217.

[91] Docket no. 59, filed Nov. 8, 2018.

[92] *Id*.