IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMY G. and GARY G., individually and as representative of the class of similarly situated individuals,<br><br>                      Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE and UNITED BEHAVIORAL HEALTH,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND**<br><br>Case No. 2:17-cv-00413-DN-DAO<br><br>District Judge David Nuffer |

Plaintiffs seek leave to amend their Complaint[1] to add a cause of action under the Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") and to modify and add to their class allegations ("Motion to Amend").[2] Defendants oppose the Motion to Amend arguing that the proposed amendments are untimely, prejudicial, and futile.[3]

Because Plaintiffs' fail to show good cause to extend the deadline to amend pleadings and permit their proposed amended complaint, and because the proposed amendments are untimely, unduly prejudicial, and futile, Plaintiffs' Motion to Amend[4] is DENIED.

---

[1] Complaint and Proposed Class Action ("Complaint"), docket no. 2, filed May 17, 2017.

[2] Motion for Leave to File Amended Complaint ("Motion to Amend"), docket no. 93, filed Oct. 5, 2020.

[3] Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint ("Response"), docket no. 96, filed Oct. 19, 2020.

[4] Docket no. 93, filed Oct. 5, 2020.

## CONTENTS

BACKGROUND ................................................................................................................ 2

DISCUSSION .................................................................................................................... 3

Plaintiffs fail to show good cause to extend the deadline for amending the Complaint............ 3

Plaintiffs' proposed amendments to the Complaint are untimely, unduly prejudicial, and futile
............................................................................................................................... 7

Plaintiffs' proposed amendments regarding the Parity Act are untimely and unduly
prejudicial ...................................................................................................... 8

Plaintiffs' proposed amendments to their class allegations would be futile ........................... 9

ORDER .......................................................................................................................... 11

## BACKGROUND

Plaintiffs initiated the case on May 17, 2017, asserting claims (individually and on behalf of a proposed class) for benefits and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA") arising from Defendants' denial of insurance coverage for "wilderness therapy."[5] Plaintiffs subsequently sought class certification on November 8, 2018 ("Motion to Certify Class").[6] The Motion to Certify Class was denied without prejudice because the proposed class failed to satisfy the commonality requirement of FED. R. CIV. P. 23(a) and each of FED. R. CIV. P. 23(b)'s requirements ("Order Denying Class Certification").[7] Plaintiffs thereafter sought to amend their Complaint to add a cause of action under the Parity Act and to modify and add to their class allegations to correct the deficiencies that prevented class certification.[8]

---

[5] Complaint at 11-13.

[6] Plaintiffs' Motion to Certify Class ("Motion to Certify Class"), docket no. 59, filed Nov. 8, 2018.

[7] Memorandum Decision and Order Denying Motion to Certify Class ("Order Denying Class Certification") at 17, docket no. 86, filed June 9, 2020.

[8] Motion to Amend.

## DISCUSSION

### Plaintiffs fail to show good cause to extend
### the deadline for amending the Complaint

Under FED. R. CIV. P. 16, amending a pleading after the deadline set in a scheduling order requires a showing of good cause.[9] The Tenth Circuit Court of Appeals has held that meeting this good cause standard "requires the movant to show the scheduling deadlines [could not] be met despite the movant's diligent efforts."[10] Good cause may be shown "if a plaintiff learns new information through discovery or if the underlying law has changed."[11] Additionally, "[t]he moving party must show good cause for failing to move to amend prior to the cutoff date *and* for the length of time between learning of the new information warranting amendment and moving to amend."[12]

The deadline for Plaintiffs to amend their Complaint was November 30, 2017.[13] Plaintiffs did not file the Motion to Amend until October 5, 2020, nearly three years after the deadline. Plaintiffs nevertheless argue that good cause exists to amend the deadline and permit amendment of the Complaint.[14] Plaintiffs' argument first relies on the Order Denying Class Certification being "without prejudice" and its direction that the parties file a proposed amended scheduling order.[15] However, Plaintiffs misconstrue the Order Denying Class Certification.

---

[9] FED. R. CIV. P. 16(b)(4).

[10] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotations omitted).

[11] *Id.*

[12] *Packers Sanitation Servs., Inc., Ltd. v. Moroni Feed Co.,* No. 2:17-cv-01222-CW, 2018 WL 3966281, at *3 (D. Utah Aug. 17, 2018) (quoting *Vivint, Inc. v. N. Star Alarm Servs., LLC,* No. 2:16-cv-00106-JNP-EJF, 2018 WL 3215663, at *3 (D. Utah Feb. 5, 2018).

[13] Scheduling Order Following Initial Pretrial Conference Held on 10/4/2017 ("Scheduling Order") ¶ 3.a. at 3, docket no. 16, filed Oct. 23, 2017.

[14] Motion to Amend at 4.

[15] *Id.* at 4; Order Denying Class Certification at 17.

The deadline to amend pleadings passed nearly one year before Plaintiffs sought class certification.[16] The denial of the Motion to Certify Class "without prejudice" was not intended to create an opportunity to return the case to its initial pleading stages. Rather, it was intended to not foreclose the possibility of later certification of a class, if appropriate, as required under FED. R. CIV. P. 23(c)(1)(C).[17] Additionally, the Order Denying Class Certification directed the parties to file a proposed amended scheduling order because the deadlines for expert discovery and dispositive motions and the dates for the final pretrial conference and trial passed while the Motion to Certify Class was pending.[18] This was anticipated by Plaintiffs when they sought to amend the original Scheduling Order approximately seven month before filing their Motion to Certify Class.[19] The Amended Scheduling Order states:

> If the [c]ourt denies the motion to certify the class, no additional discovery will be necessary. The named [P]laintiffs agree to move forward with their causes of action without any additional discovery. . . . [T]he parties will submit a new proposed scheduling order with respect to expert reports, expert deadlines, and pre-trial matters within 14 days of the ruling on class certification.[20]

Therefore, the Order Denying Class Certification does not support Plaintiffs' arguments for extending the deadline to amend pleadings and permitting amendment of the Complaint.

Plaintiffs next argue that good cause exists to extend the deadline to amend pleadings and permit their proposed amendments to the Complaint because Plaintiffs have been diligent in moving the case forward; had no reason to amend before now; and deserve to have their claims decided on the merits.[21] Specifically, Plaintiffs assert they had no reason to know that they

---

[16] Scheduling Order ¶ 3.a. at 3; Motion to Certify Class.

[17] FED. R. CIV. P. 23(c)(1)(C).

[18] Scheduling Order ¶¶ 4-5, 7 at 4-5.

[19] Plaintiffs' Motion to Amend Scheduling Order at 2-3, docket no. 18, filed Apr. 11, 2018.

[20] Amended Scheduling Order at 2, docket no. 27, filed May 4, 2018.

[21] Motion to Amend at 5-6.

would need to amend the Complaint until "the [c]ourt ruled that the [o]riginal Complaint failed to adequately set forth the factual allegations or separate cause of action under [the Parity Act]."[22] However, "[g]ood cause to amend [under FED. R. CIV. P. 16] does not exist where a party fails to bring an available claim due to an error of law or fact, a strategic decision, or a mere oversight."[23] "If the plaintiff knew of the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."[24]

The Parity Act was enacted in 2008, approximately nine years prior to the filing of Plaintiffs' Complaint. The Parity Act provides that:

> In the case of a group health plan (or health insurance coverage offered in connection with such a plan) that provides both medical and surgical benefits and mental health or substance use disorder benefits, such plan or coverage shall ensure that . . . the treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) an there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.[25]

Plaintiffs were unquestionably aware of the Parity Act when filing their Complaint because the Complaint contains references to it.[26] But despite these references, Plaintiffs made no attempt to include factual allegations to support a claim under the Parity Act. Of the Complaint's four references to the Parity Act, two are that Plaintiffs raised Parity Act arguments

---

[22] *Id.* at 6.

[23] *Packers Sanitation Servs., Inc., Ltd.,* 2018 WL 3966281, at *3.

[24] *Gorsuch, Ltd., B.C.,* 771 F.3d at 1240.

[25] 29 U.S.C. § 1185a(a)(3)(A)(ii).

[26] Complaint ¶¶ 32 at 7, 37 at 8, 3 at 11-12, 1 at 12.

in the prelitigation claim appeals process which Defendant did not respond to,[27] and two are conclusory assertions that Defendants violated the Parity Act's requirements.[28]

The Complaint contains no factual allegations suggesting a lack of parity in Defendants' treatment of mental health and substance use disorder benefits and comparable medical and surgical benefits. And in the absence of such allegations, the Complaint's passing references to the Parity Act could not provide fair notice that a Parity Act claim was actually being asserted. The Order Denying Class Certification's footnote,[29] which indicated that the Complaint did not expressly identify a Parity Act violation as a separate claim or include any factual allegations to support a Parity Act claim, stated the obvious. The footnote should not have been a surprise to Plaintiffs and does not create good cause to now extend the deadline to amend pleadings and permit amendment of the Complaint.

Plaintiffs make no argument that facts supporting a Parity Act claim were unknown or could not have been included in the Complaint at the time of its filing or prior to the deadline to amend pleadings. Indeed, Plaintiffs' newly proposed Parity Act allegations[30] are such that they would have been known at the time of the Complaint's filing. Plaintiffs should have included these allegations in the Complaint or sought to amend the Complaint before the deadline to amend pleadings.

Plaintiffs also argue that the development of Parity Act case law since the Complaint's filing creates good cause for extending the deadline to amend pleadings and permitting

---

[27] *Id*. ¶¶ 32 at 7, 37 at 8.

[28] *Id*. ¶¶ 3 at 11-12, ¶ 1 at 12.

[29] Order Denying Class Certification at 12 n.61.

[30] Proposed Amended Complaint and Proposed Class Action ¶¶ 1 at 2, 37 at 9, 50 at 11, 52 at 11, 56 at 12, 58.C. at 13, 63 at 14, 66 at 15, 73-101 at 17-24, docket no. 95, filed Oct. 10, 2020.

amendment of the Complaint.[31] Plaintiffs may be correct that the development of Parity Act case law since May 2017, will allow for a better pleaded cause of action. However, Plaintiffs point to no facts, rationale, or legal authority explaining why Plaintiffs did not and could not include factual allegations regarding a Parity Act violation in their Complaint or prior to the deadline to amend pleadings. Whether because of mistake, a strategic decision, or a mere oversight, Plaintiffs did not attempt to plead factual allegations supporting a Parity Act violation in the Complaint. Under these circumstances, the development of Parity Act case law since the Complaint's filing does not establish good cause to extend the deadline to amend pleadings or permit amendment of the Complaint.

Therefore, Plaintiffs fail to show good cause under FED. R. CIV. P. 16 to extend the deadline to amend pleadings and permit the proposed amendments to the Complaint.

### Plaintiffs' proposed amendments to the Complaint are untimely, unduly prejudicial, and futile

Even if the deadline to amend pleadings were extended, a separate basis for denying Plaintiffs' Motion to Amend exists. FED. R. CIV. P. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."[32] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[33] Prejudice to the opposing party is the "most important[] factor in deciding a motion to amend the pleadings."[34] However, "[u]ntimeliness alone may be a sufficient basis for

---

[31] Motion to Amend at 9-10.

[32] FED. R. CIV. P. 15(a)(2).

[33] *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (quoting *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993)).

[34] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

denial of leave to amend."[35] "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."[36]

**Plaintiffs' proposed amendments regarding the Parity Act are untimely and unduly prejudicial**

Plaintiffs argue that their proposed amendments regarding the Parity Act were not unduly delayed because they did not know of the need to amend until the Motion to Certify Class was denied.[37] Plaintiffs also argue that their proposed amendments are not prejudicial to Defendants because the Complaint's references to the Parity Act gave fair notice that a Parity Act claim could be alleged in the future.[38] As discussed above in relation to the good cause requirement of FED. R. CIV. P. 16,[39] these arguments lack merit.

Plaintiffs were aware of the Parity Act and the facts necessary to allege a claim under the Parity Act at the time of the Complaint's filing. Plaintiffs could have and should have included such factual allegations in the Complaint or sought to amend the Complaint before the deadline to amend pleadings. But Plaintiffs made no effort to do so. And Plaintiffs have not provided a sufficient justification for this failing.

Additionally, even if the Complaint's passing references to the Parity Act would have placed Defendants on fair notice that a Parity Act claim could be raised in the future, once the deadline to amend pleadings passed, there was no reason for Defendants to believe such a claim

---

[35] *Woolsey v. Marion Laboratories,* Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).

[36] *Id*.

[37] Motion to Amend at 6.

[38] *Id*. at 8; Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint ("Reply") at 9, docket no. 99, filed Nov. 6, 2020.

[39] *Supra* at 3-7.

would be alleged in the future—let alone, three years later. Plaintiffs' representation that they would move forward with their causes of action without any additional discovery if their Motion to Certify Class was denied also cuts against Plaintiffs' contention that Defendants will suffer no prejudice by the proposed amendments.[40] This representation was made approximately five months after the deadline to amend pleadings had passed,[41] and approximately seven months before Plaintiffs filed their Motion to Certify Class.

Returning to the pleading stages of the case after more than three years of delay would be unduly prejudicial to Defendants. Permitting the proposed amendment would necessitate reopening discovery regarding Parity Act issues. This in turn would further delay the case's disposition, increase costs for the parties, and allow for the admission of potentially stale evidence and faded witness testimony.

Therefore, permitting amendment of the Complaint to include a cause of action under the Parity Act is not justified.

**Plaintiffs' proposed amendments to their class allegations would be futile**

Plaintiffs argue that their proposed amended complaint addresses the inadequacies of the Complaint's class allegations that were identified in the Order Denying Class Certification.[42] This argument lacks merit.

Plaintiffs' Motion to Certify Class was denied because the proposed class failed to satisfy the commonality requirement of FED. R. CIV. P. 23(a) and each of FED. R. CIV. P. 23(b)'s requirements.[43] The Order Denying Class Certification identified in detail numerous deficiencies

---

[40] Plaintiffs' Motion to Amend Scheduling Order at 2-3.

[41] Scheduling Order ¶ 3.a. at 3.

[42] Motion to Amend at 7.

[43] Order Denying Class Certification at 17.

in Plaintiffs' class allegations.[44] Plaintiffs' proposed amendments do little to correct these deficiencies. Plaintiffs still fail to define a proposed class based on shared medical conditions and the type of wilderness therapy programs for which coverage was sought. The lack of commonality among the proposed class's circumstances (including medical conditions, plan requirements, wilderness program types, and available relief) prevent certification.[45] "[M]ere allegations of systematic violations . . . [do] not automatically satisfy Rule 23(a)'s commonality requirement."[46]

Plaintiffs' proposed amendments also fail to address the deficiencies the Order Denying Class Certification identified regarding Rule 23(b)'s requirements. The newly proposed class members are not sufficiently similarly situated to suggest that separate actions would lead to inconsistent adjudications or adjudications that would be dispositive for those not party to an individual adjudication.[47] The proposed amendments also fail to account for the many resolutive variations that would be needed to satisfy class members' individual circumstances (whether that be monetary damages or declaratory or injunctive relief).[48] And regardless of the existence of the alleged uniform policy of exclusion, the proposed class members' circumstances are too varied for there to be a common question capable of a common class-wide resolution.[49] Individualized questions of law and fact predominate and a class action is not a superior method for fairly and efficiently adjudicating the controversy.[50]

---

[44] *Id*. at 4-17.

[45] *Id*. at 4-10; FED. R. CIV. P. 23(a)(2).

[46] *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188. 1195 (10th Cir. 2010).

[47] Order Denying Class Certification at 10-12; FED. R. CIV. P. 23(b)(1).

[48] Order Denying Class Certification at 12-14; FED. R. CIV. P. 23(b)(2).

[49] Order Denying Class Certification at 4-10, 14-17; FED. R. CIV. P. 23(a)(2), (b)(3).

[50] Order Denying Class Certification at 4-10, 14-17; FED. R. CIV. P. 23(a)(2), (b)(3).

Therefore, because the proposed amended complaint suffers from the same deficiencies identified in the Order Denying Class Certification, permitting Plaintiffs to amend their class allegations would be futile.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend[51] is DENIED.

Signed March 1, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[51] Docket no. 93, filed Oct. 5, 2020.