THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AMY G, and GARY G.,<br><br>              Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE and UNITED BEHAVIORAL HEALTH,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REOPEN CASE**<br><br>Case No. 2:17-cv-00413-DN<br><br>District Judge David Nuffer |

On September 12, 2024, Plaintiffs' claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") was remanded to Defendants for reevaluation and redetermination ("Remand Order").[1] The Remand Order directed the case to be administratively closed, but permitted either party to file a motion to reopen the case for further proceedings following Defendants' redetermination of Plaintiffs' claim on remand.[2]

By letter, dated October 11, 2024, Defendants gave notice of their decision on remand, which denied Plaintiffs' claim for benefits and advised Plaintiffs that they had 60 calendar days to request an internal appeal review.[3]

---

[1] Memorandum Decision and Order Granting in part and Denying in part Plaintiffs' Motion for Summary Judgment and Defendants' Motion for Summary Judgment ("Remand Order") at 40, docket no. 145, filed Sept. 12, 2024.

[2] *Id*. at 40-41.

[3] Remand Denial Letter dated Oct. 11, 2024, docket no. 149-2, filed under seal Dec. 9, 2024.

On October 29, 2024, the parties filed a stipulated motion to set deadlines for filing motions to reopen the case.[4] The stipulated motion was granted, setting December 9, 2024, the parties' deadline for filing motions to reopen the case.[5]

On December 9, 2024, Plaintiffs filed a motion seeking to reopen the case to file a motion for summary judgment challenging Defendants' denial of the claim for benefits on remand ("Motion").[6] Plaintiffs argue that Defendants failed to comply with the Remand Order by considering and relying on evidence that was not properly part of the administrative record.[7] Plaintiffs, alternatively, argue that if the case is not reopened, they should be permitted the opportunity to appeal Defendants' redetermination to the claim administrator.[8]

Defendants oppose Plaintiffs' Motion arguing that their reevaluation and redetermination of Plaintiffs' claim complied with the Remand Order, and that there is nothing left to resolve in this case.[9] Defendants characterize Plaintiff's Motion as an unsupported motion to reconsider the Remand Order.[10] Defendants assert that Plaintiffs were afforded the opportunity to administratively appeal the redetermination of their claim, but failed to do so.[11] And Defendants argue that if Plaintiffs wish to challenge the redetermination, they should do so on summary judgment in a new lawsuit.[12]

---

[4] Joint Motion to Amend Schedule, docket no. 146, filed Oct. 25, 2024.

[5] Order Granting Motion to Amend Schedule, docket no. 147, filed Oct. 29, 2024.

[6] Motion to Reopen ("Motion"), docket no. 148, filed Dec. 9, 2024.

[7] *Id*. at 2-5.

[8] *Id*. at 5-6.

[9] Defendants' Memorandum in Opposition to Plaintiffs' Motion to Reopen ("Response") at 3-5, docket no. 154, filed Feb. 6, 2025.

[10] *Id*. at 5-8.

[11] *Id*. at 8-9.

[12] *Id*.

Because Plaintiff's Motion complies with the Remand Order's directive of identifying the legal basis on which the case may be reopened and the specific issue or issues for which determination is sought, the Motion[13] is GRANTED.

## 1 DISCUSSION

Both parties briefing on Plaintiff's Motion attempt to use the Remand Order as both shield and sword to justify their actions or inaction following the remand of Plaintiffs' claim for benefits, as well as for reopening the case. Defendants take the position that because the Remand Order did not expressly limit their reevaluation of Plaintiffs' claim to the existing administrative record, they were free to consider and rely on information and materials outside of that record when making their redetermination.[14] Plaintiffs, on the other hand, argue the Remand Order and case law precedent make clear that it was improper for Defendants to rely on such after-the-fact evidence.[15] And despite Defendants expressly advising Plaintiffs regarding an administrative appeal of the redetermination,[16] Plaintiffs argue they were not afforded the opportunity to appeal because an appeal was not expressly directed in the Remand Order.[17] Interestingly, neither party sought clarification of the Remand Order on these issues. Such clarification might have rendered Plaintiff's Motion unnecessary.

The Remand Order discusses in detail the reasons why Defendants' benefits decisions were arbitrary and capricious.[18] The Remand Order specifically states:

> None of Defendants' benefits denial letters included any explanation or analysis of how or why the services A.G. received at Second Nature qualify as

---

[13] Docket no. 148, filed Dec. 9, 2024.

[14] *Id*. at 3-5, 7-8.

[15] Motion to Reopen at 2-5.

[16] Remand Denial Letter dated Oct. 11, 2024.

[17] Motion to Reopen at 4-6.

[18] Remand Order at 34-37.

"Wilderness Therapy" under the 2015 CTAC Assessment of Wilderness Therapy. There are no citations to A.G.'s medical records or facts, no description of the services A.G. received at Second Nature, and no application of clinical judgment discussi[ng] how or why these services are "Wilderness Therapy" under the 2015 CTAC Assessment of Wilderness Therapy. Rather, Defendants' benefits denial letters contain only conclusory statements that the treatment A.G. received at Second Nature is "Wilderness Therapy."[19]

This failure of Defendants to provide a sufficient explanation and analysis for the denial of benefits was a failure to engage Plaintiffs in meaningful dialog and rendered the denial of benefits arbitrary and capricious.[20]

The Remand Order instructed that the administrative record contains "evidence that A.G.'s treatment at Second Nature included an outdoor or wilderness component," which may qualify for exclusion from coverage under the Plan.[21] But in the absence of Defendants conveying how or why the specific services qualified as "Wilderness Therapy" under the 2015 CTAC Assessment of Wilderness Therapy, Plaintiffs did not have the opportunity to address the accuracy and reliability of Defendants' analysis through the administrative appeals procedure.[22] This deficiency also made it "unclear whether Plaintiffs are (or are not) entitled to benefits under the Plan."[23] And it was for these reasons that on remand, Defendants were directed to reevaluate and redetermine Plaintiffs' claim for benefits, and that any denial of benefits be limited in scope to the original basis for denial (the Plan's exclusion for "Experimental or Investigational or Unproven Services") and "must include specific explanation and analysis as required by ERISA and the Plan's claim procedure."[24]

---

[19] *Id*. at 36.

[20] *Id*. at 37.

[21] *Id*. at 36.

[22] *Id*.

[23] *Id*.

[24] *Id*. at 40.

Thus, the Remand Order expressly identified the deficiencies in Defendants' denial of Plaintiffs' claim for benefits; the limited scope and purpose of Defendants' reevaluation and redetermination of the claim on remand; and that the remand was governed by ERISA and the Plan's claim procedure.[25] The Remand Order further permitted either party to file a motion to reopen the case for further proceedings following notice of Defendants' redetermination on Plaintiffs' claim for benefits.[26]

Plaintiffs' Motion is not the appropriate procedural vehicle to make findings of fact and conclusions of law regarding the merits of Plaintiffs' challenge to the propriety of Defendants' redetermination denying benefits. It is also not the appropriate procedural vehicle to make findings of fact and conclusions of law on Defendants' argument regarding a failure to exhaust the Plan's administrative appeals process. Nor is the parties' briefing adequate to make such determinations at this time. Such determinations are appropriately left for summary judgment. And in this respect, Plaintiffs' Motion complies with the Remand Order's directive for seeking further proceedings by "identif[ing] the legal basis on which the case may be reopened and the specific issue or issues for which determination is sought."[27] Requiring Plaintiffs to file a new lawsuit to obtain the determinations they seek is contrary to the language and intent of the Remand Order, as well as the purpose of ERISA to promote the "efficient resolution of benefits claims."[28] Therefore, Plaintiff's Motion[29] is GRANTED.

---

[25] *David P. v. United Healthcare Ins.*, No. 2:19-cv-00225-JNP, 2024 WL 4988990, *3 (D. Utah Dec. 5, 2024).

[26] Remand Order at 40-41.

[27] *Id*. at 41.

[28] *David P.*, 2024 WL 4988990, *3.

[29] Docket no. 148, filed Dec. 9, 2024.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion[30] is GRANTED. The Clerk is directed to REOPEN the case.

IT IS FURTHER HEREBY ORDERED that by no later than Friday, April 10, 2026, the parties must meet, confer, and jointly file a motion proposing a briefing schedule for dispositive motions to resolve the issues identified and raised in the briefing on Plaintiffs' Motion.

Signed March 25, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[30] Docket no. 148, filed Dec. 9, 2024.

6